UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JANICE A. WEISEL,                    *

    Plaintiff                    *

v.                                   *          CIVIL NO. JKB-19-3281

KAIMETRIX, LLC,                      *

    Defendant                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## Memorandum

Plaintiff Janice A. Weisel sued her former employer, Kaimetrix, LLC ("Kaimetrix"), for abusive discharge in violation of Maryland public policy as well as retaliation, sex discrimination, and age discrimination in violation of federal and state law. Kaimetrix moved for judgment on the pleadings as to Count I for abusive discharge. The matter is fully briefed. No hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, Kaimetrix's motion for judgment on the pleadings will be granted.

**I.**     ***Factual and Procedural Background[1]***

This motion solely concerns Weisel's claim for abusive discharge. Kaimetrix hired Weisel as a business analyst expert around August 20, 2018. (Compl. ¶ 16, ECF No. 1.) On November 2, 2018, Weisel claims that a co-worker, Kurt Ponting, "verbally threatened to kill everyone" during an employer-sponsored luncheon, which was also attended by her immediate supervisor, Lauren Sheriff. (*Id.* ¶¶ 24–25.) On November 5, Weisel told Sheriff, as well as her second-level supervisor, Adam Nash, the Talent Services Director, William Essrow, and the Chief Technology

---

[1] The facts in this section are taken from the Complaint and construed in the light most favorable to Weisel. *Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014).

1

Officer, Kyle Shrauger, about Ponting's threat to kill everyone. (*Id.* ¶¶ 28–29.) Weisel had already told Essrow and Nash that Ponting "made her feel uncomfortable and created a hostile work environment" based on his anger and insubordination before Ponting made his threat. (*Id.* ¶¶ 21–23.) Sheriff told Weisel not to report the incident to the Defense Information Systems Agency ("DISA"), a United States Department of Defense agency that had a contract with Kaimetrix. (*Id.* ¶¶ 18, 29.) The following day, Sheriff again told Weisel not to report this incident. (*Id.* ¶ 30.) Weisel told Sheriff that they were "legally obligated to report Mr. Ponting's threat of violence." (*Id.*) Sheriff told Weisel that she was worried Ponting could lose his security clearance or job if the incident was reported. (*Id.*)

On November 7, Weisel told Sheriff that she would report Ponting's threat to DISA, and Sheriff again told Weisel not to report the incident. (*Id.* ¶ 31.) Sheriff told Weisel that if she felt threatened, "she could work somewhere else." (*Id.* ¶ 32.) That same day, Weisel reported Ponting's threat to "DISA Security" and told Sheriff she had done so. (*Id.* ¶ 33.) On November 8, Weisel filed a written complaint with DISA's Workplace Violence Prevention & Response office. (*Id.* ¶ 34.) She also told Kaimetrix's "upper management" that Kaimetrix "had a legal obligation to report Mr. Ponting's threat to DISA . . . and to remove him from the work premises," neither of which had been done. (*Id.* ¶ 36.) Nash and Shrauger told Weisel she was being "unprofessional and chastised her for wanting to report Mr. Ponting's threat of violence to DISA." (*Id.* ¶ 37.) Kaimetrix terminated Weisel's employment on November 13, 2018. (*Id.* ¶ 38.)

Kaimetrix filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) as to Count I, abusive discharge. (ECF No. 10.) The sole issue is whether Weisel may file a claim for abusive discharge under Maryland law.

***II.   Standard***

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is evaluated using the same standard applicable to motions to dismiss under Rule 12(b)(6). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of the mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. Courts must "accept the well-pled allegations of the complaint as true, . . . constru[ing] the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "A pleading that offers 'labels and conclusions' or . . . 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Iqbal*, 556 U.S. at 678 (alteration in original) (citation omitted) (quoting *Twombly*, 550 U.S. at 555, 557). Courts need not accept legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

### *III. Analysis*

Under Maryland law, to maintain the tort of abusive discharge, there must have been the discharge of "an at will employee when the motivation for the discharge contravenes some clear mandate of public policy." *Adler v. Am. Standard Corp.*, 432 A.2d 464, 473 (Md. 1981). "The tort of abusive discharge is one of limited scope." *Goode v. Am. Veterans, Inc.*, 874 F. Supp. 2d 430, 442 (D. Md. 2012). A claim for abusive discharge requires a plaintiff demonstrate: "(1) she was discharged, (2) her discharge violated a clear mandate of public policy, and (3) there is a nexus

between the employee's conduct and the employer's decision to fire the employee." *Randolph v. ADT Sec. Servs., Inc.*, 701 F. Supp. 2d 740, 747 (D. Md. 2010).

Kaimetrix argues that even if Maryland has a public policy which protects employees from discharge for reporting criminal activity to law enforcement authorities, Weisel still cannot bring a claim for abusive discharge because a statutory remedy already exists for Weisel's alleged harm. "Abusive discharge is inherently limited to remedying only those discharges in violation of a clear mandate of public policy which otherwise would not be vindicated by a civil remedy." *Makovi v. Sherwin-Williams Co.*, 561 A.2d 179, 180 (Md. 1989); *see also Owen v. Carpenters' Dist. Council*, 161 F.3d 767, 774 (4th Cir. 1998) ("[T]he purpose of the wrongful discharge cause of action is to provide a cause of action for unremedied violations of public policy where a remedy does not exist.").

Here, in addition to her state claim for abusive discharge, Weisel also brings claims for retaliation pursuant to the Defense Contractor Whistleblower Protection Act ("DCWPA"), 10 U.S.C. § 2409, and 41 U.S.C. § 4712.[2] Section 4712 contains substantively the same protections as § 2409. Section 2409(a) provides that employees of contractors may not be retaliated against for disclosing information they believe demonstrates "[g]ross mismanagement of a Department of Defense contract or grant, a gross waste of Department funds, an abuse of authority relating to a Department contract or grant, or a violation of law, rule, or regulation related to a Department contract . . . or grant." An employee of a contractor also may not be retaliated against for disclosing "[a] substantial and specific danger to public health or safety." 10 U.S.C.A. § 2409. This statute protects disclosures to individuals including "employee[s] of the Department of Defense . . .

---

[2] Weisel refers to 10 U.S.C. § 2409 as the "National Defense Authorization Act," but its proper title is the "Defense Contractor Whistleblower Protection Act." *See, e.g.*, *United States ex rel. Cody v. Mantech Int'l Corp.*, 207 F. Supp. 3d 610, 612 n.1 (E.D. Va. 2016) (explaining the National Defense Authorization Act amended the Defense Contractor Whistleblower Protection Act).

4

responsible for contract oversight or management," "authorized official[s] of the Department of Justice or other law enforcement agency," and "management official[s] or other employee[s] of the contractor or subcontractor who ha[ve] the responsibility to investigate, discover, or address misconduct." *Id.*

Weisel argues that she should be allowed to plead in the alternative and bring an abusive discharge claim in addition to her federal retaliation claims. (Opp'n Mot. at 8–9.) Weisel argues that Kaimetrix "has not conceded that [Weisel] has satisfied all elements" of her federal retaliation claims. (*Id.*) While this is true, Kaimetrix has also not challenged Weisel's ability to bring claims under 10 U.S.C. § 2409 and 41 U.S.C. § 4712 or argued that these federal statutes do not apply. This fact distinguishes this case from *Randolph v. ADT Security Services, Inc.*, 701 F. Supp. 2d 740 (D. Md. 2010), which Weisel cites to in support of her argument that she should be allowed to plead her retaliation claims in the alternative. (Opp'n Mot. at 9.) This case is closer to *Ruyter v. Maryland CVS Pharmacy, LLC*, Civ. No. TDC-14-2541, 2015 WL 759425, at *4 (D. Md. Feb. 20, 2015), in which the court found that the plaintiff could not bring an abusive discharge claim where she also brought a retaliation claim under the Fair Labor Standards Act ("FLSA") because the defendants did not seek to dismiss the FLSA charge. Here, Kaimetrix has also not challenged the sufficiency of Weisel's other retaliation claims, and accordingly these claims will proceed. Therefore, because Weisel has an undisputed civil remedy for her claim of retaliation through 10 U.S.C. § 2409 and 41 U.S.C. § 4712, she may not simultaneously bring a claim for abusive discharge under Maryland law.[3] *See also Brown v. Rapid Response Delivery, Inc.*, 226 F. Supp.

---

[3] The Court questions whether Weisel can recover under both 10 U.S.C. § 2409 and 41 U.S.C. § 4712. Section 2409 applies to contractors working with "DoD, NASA, and the Coast Guard," 48 C.F.R. § 3.900, while section 4712 applies to contractors working for other federal agencies—excluding "DoD, NASA, and the Coast Guard," 48 C.F.R. § 3.908-1. Neither party has addressed whether Weisel may recover under both provisions, and this issue is not before the Court at this time. However, even assuming Weisel can only bring a claim under one of these provisions, she would still be precluded from bringing an abusive discharge claim because she would still have access to a civil remedy regarding her termination.

5

3d 507, 512 (D. Md. 2016) (following the reasoning in *Ruyter* and determining that plaintiff may not bring abusive discharge claim where defendants did not seek dismissal of plaintiff's co-existing FLSA retaliation claim).

### IV. Conclusion

For the foregoing reasons, an Order shall enter granting Kaimetrix's motion for judgment on the pleadings as to Count I.

DATED this _6_ day of March, 2020.

BY THE COURT:

_____
James K. Bredar
Chief Judge